**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00526

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

**FREEDOM HOME LOANS, LLC**, a Texas limited liability company,

        Defendant.

---

**CLASS ACTION COMPLAINT AND JURY DEMAND**

---

        Plaintiff Brenda Whittaker ("Whittaker" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Freedom Home Loans, LLC ("FHL" or "Defendant") to stop its practice of sending repeated, unsolicited calls and text messages to consumers who are registered on the National Do Not Call Registry and to obtain redress for all persons similarly injured by its conduct. Plaintiff seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

        1.      Plaintiff Whittaker is an individual who resides in Cottonwood, Yavapai County, Arizona.

        2.      Defendant Freedom Home Loans, LLC is a Texas limited liability company

1

whose principal place of business is located at 1259 Lake Plaza Drive, Suite 250, Colorado

Springs, CO 80906.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

*seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction

under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class

consists of over 100 persons, there is minimal diversity, and the claims of the class members

when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

4.      The Court has personal jurisdiction over Defendant and venue is proper in this

District because Defendant resides in this District, regularly conducts business in this District

and a substantial part of the events giving rise to the claims asserted here occurred in this

District.

## COMMON ALLEGATIONS OF FACT

5.      Defendant FHL is a company engaged in the business of originating mortgage

loans.

6.      Unfortunately for consumers, Defendant casts its marketing net too wide. That is,

in an attempt to promote its business and to generate leads for their real estate services,

Defendant conducted (and continue to conduct) a wide scale telemarketing campaign and

repeatedly sends unsolicited calls and text messages to telephones which appear on the national

Do Not Call Registry.

7.      Indeed, at no time did Defendant obtain prior express consent from Plaintiff or the

2

class members orally or in writing to receive calls from Defendant.

8.      The TCPA was enacted to protect consumers from unauthorized calls and texts exactly like those alleged in this Complaint—calls and texts placed to numbers without prior express written consent to persons who listed their phone numbers on the Do Not Call Registry. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

9.      At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing text messages are being made to consumer's cellular telephones through its own efforts and that of its agents.

10.      To the extent any third parties sent the calls or text messages, the third parties acted on behalf of Defendant, for Defendant's benefit, and with Defendant's approval. Further, Defendant ratified the conduct by accepting the benefits of the telemarketing campaign.

11.      By placing the unsolicited calls and text messages at issue in this Complaint, Defendant caused Plaintiff and the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and texts as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls and texts interfered with and interrupted Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and class members by causing wear and tear on their phones.

12.      On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telemarketing activities to persons registered on the Do Not Call Registry and an

award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF

13.     Plaintiff Whittaker is the primary and customary user of the cellular telephone number ending in 9679. Whittaker registered the telephone number ending in 9679 on the national Do Not Call Registry on December 19, 2017.

14.     On July 6, 2021, FHL placed an unsolicited telemarketing call to Plaintiff from the telephone number (719) 445-9445.

15.     On September 22, 2021, FHL placed another unsolicited call to Plaintiff's cellular telephone number.

16.     On September 23, 2021, FHL placed an unsolicited text message call to Plaintiff, which solicited her (and others) to purchase FHL's real estate services. The text read as follows: "Hey Brenda! It's Chris Carr Team! I gave you a call yesterday. Thank you again for your business. If you know anyone looking to buy a home, sell a home or that is looking for help with a refinance please pass my info along! (210) 670-5670 Team@FreedomHL.com".

17.     On October 13, 2021, FHL placed another unsolicited text message call to Plaintiff, which read as follows: "Chris Carr here with Freedom Home Loans. We are honoring the 2022 conforming loan increase of $625k. Click 2 Learn: https://www.youtube.com/watch?v=zISytlE3D8M".

18.     At no time, did Whittaker ever consent to receive calls or text messages from Defendant. Further, Whittaker has never expressed any interest in Defendant's real estate services.

4

19.     Whittaker also has no prior relationship with FHL.

20.     To redress these injuries, Whittaker, on behalf of herself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited calls and text messages to telephone numbers registered on the national Do Not Call Registry. On behalf of the Class, Whittaker seeks an injunction requiring Defendant to cease all unauthorized telemarketing activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

21.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Whittaker, or for whom it did not obtain prior express written consent.

22.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

23.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the defined Class. Members of the Class can be identified through reference to Defendant's business records.

24.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

25.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically placed unsolicited calls and text message advertisements to consumers whose telephone numbers were

registered with the National Do Not Call Registry;

(c) Whether any third party made the calls and texts and, if so, whether

Defendant is liable for such calls and texts;

(d) Whether the Plaintiff and the other members of the Class are entitled to

statutory damages; and

(e) Whether members of the Class are entitled to treble damages based on the

willfulness of Defendant's conduct.

27. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

28. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards

all members of the Class to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq*
### (On Behalf of Plaintiff and the DNC Registry Class)

29.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30.     47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

31.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

32.     47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

33.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply

9

to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

34.     Defendant and/or its agent(s) violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations to telephone subscribers like Plaintiff and the DNC Registry Class members who registered their respective cell phone numbers on the National DNC Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

35.     Here, Defendant and/or its agent(s) sent more than one unsolicited call and/or text message to Whittaker and the other members of the DNC Registry Class within a 12-month period without having prior written express consent to send such text messages.

36.     Each such telemarketing call and text message was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

37.     Whittaker and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls or texts from Defendant or its agents.

38.     Neither Defendant nor its agents have any record of consent to place such telemarketing calls or text messages to Plaintiff or the other members of the DNC Registry Class.

39.     Defendant violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls and texts to be sent for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the members of the DNC Registry Class, without instituting procedures that comply with the

regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing texts.

40.     Additionally, on information and belief, Defendant fails to maintain a written do not call policy that is available on request. On further information and belief, Defendant fails to train their employees and personnel involved in telemarketing in the existence and use of their do not call policy or do not call list.

41.     As a result of Defendant conduct as alleged herein, Whittaker and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

42.     To the extent Defendant's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Whittaker and the members of the DNC Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing her attorneys as Class Counsel;

B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

11

C.     An award of trebled damages if willfulness is shown;

D.     An order declaring Defendant's calls and text messages, as set out above, violate the TCPA;

E.     An injunction requiring Defendant to stop placing calls and texts to consumers registered on the National Do Not Call Registry absent prior express consent;

F.     An award of pre-judgment interest;

G.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

Dated: March 2, 2022

By: /s/ Taylor T. Smith
One of Plaintiff's Attorneys

Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

12